# Case No. 13,090.

## SMITH v. The PEKIN.

[Gilp. 203.][1]

District Court. E. D. Pennsylvania. Jan. 28, 1831.

ADMIRALTY — JURISDICTION — VOYAGE ON INLAND WATERS—SEAMEN'S WAGES.

A contract for wages on a voyage between ports of adjoining states and on the tide water of a river or bay, is within the jurisdiction of

[1] [Reported by Henry D. Gilpin, Esq.]

the district court, and may be enforced by a suit in rem in the admiralty.

[Cited in Thackarey v. The Farmer, Case No. 13,852; Packard v. The Louisa, Id. 10,652; New Jersey Steam Nav. Co. v. Merchants' Bank. 6 How. (47 U. S.) 390; The Canton, Case No. 2,388; The Mary, Id. 9,190; The May Queen, Id. 9,360.]

[Cited in Holt v. Cummings, 102 Pa. St. 215.]

In the month of March, 1829, Gabriel Smith shipped as steward on board the sloop Pekin [David David, master], to perform a voyage from the port of Smyrna in the state of Delaware, to Brandywine, Wilmington, and Philadelphia, and thence to run to and fro at the wages of eight dollars and fifty cents a month. Under this contract he continued performing the voyage referred to, until the month of December following. At that time being at the port of Smyrna, where the sloop was moored, and the cargo unladen, Gabriel Smith was discharged from the vessel by the master, without payment of the wages then due to him. On the 22d December, 1830, the vessel being in the port of Philadelphia, Gabriel Smith filed his libel in this court against her, in order to recover the wages thus due; praying process of attachment, and also for the condemnation and sale of the vessel, her tackle, apparel, and furniture. On the 7th January, 1831, Jacob Raymond, owner of the sloop, for plea to the said libel set forth, "that the said sloop at the time when the libellant shipped on board of her, was not destined or bound for, nor was ever proceeded on any voyage on the high seas or within the jurisdiction of this court, but then was and ever had been employed as a river craft, in plying to and fro between Smyrna, in the state of Delaware, Brandywine in the same state, and Philadelphia, in the state of Pennsylvania, being an adjoining state, and that the sloop is of less than fifty tons burthen; that by the laws of the United States it doth not pertain to this honourable court, nor is it within their cognisance to interfere or hold plea respecting the claim of the said libellant."

On the 28th January, 1831, the case came on to be heard before Judge HOPKINSON on these pleadings.

I. Norris, for libellant. The question is, whether a vessel running on tide waters, from a port in one state to a port in another state, is subject to the admiralty jurisdiction. The ninth section of the act of congress of 24th September, 1789, gives jurisdiction to this court, "of all civil causes of admiralty and maritime jurisdiction." A suit for a seaman's wages is such a civil cause. Shipwrights are entitled to admiralty process; and so are seamen for services even if not done at sea. This cause of action, therefore, is one coming within the jurisdiction of this court. So also is the place where it occurred. Admiralty jurisdiction extends over all places where the tide ebbs and flows; and this gives jurisdiction rather than the nature of the contract. Navi-

gable rivers, where the tide ebbs and flows, fall within these limits. A coasting voyage from one port to another of the same country is also within them, as much as if it had been on the high seas. All coasting voyages must be excluded from this jurisdiction or all admitted; it is impossible to draw any line between those that are in the tide rivers and bays, and those that are along the open coast. 1 Story, Laws, 56, 105 [1 Stat. 76, 133]; Abb. Shipp. 108, 476; 1 Holt, Shipp. 463; U. S. v. The Sally, 2 Cranch [6 U. S.] 406; U. S. v. The Betsey, 4 Cranch [8 U. S.] 443; Gibbons v. Ogden, 9 Wheat. [22 U. S.] 195; The Thomas Jefferson, 10 Wheat. [23 U. S.] 428; The Jerusalem [Case No. 7,294]; De Lovio v. Boit, [Id. 3,776]; Stevens v. The Sandwich [Id. 13,409]; Shuster v. Ash, 11 Serg. & R. 90; Hook v. Moreton, 1 Ld. Raym. 397; Mills v. Gregory, Sayer, 127.

Mr. Lowber, for respondent. The jurisdiction claimed is larger than was ever before pretended for an admiralty court. In its practical effects, it will, if sustained, lead to great inconvenience and manifest absurdities. It will embrace all ferry boats, plying across the Delaware between Pennsylvania and New Jersey; it will include the coal boats, and other craft of that sort, navigating the Schuylkill. The real question is, whether or not this contract is a maritime contract. It is not such a one as maritime courts have hitherto claimed control over. No court of admiralty has ever yet assumed a jurisdiction over wages for a voyage from one port to another in the same country, unless, in performing the voyage, the vessel went to sea, or passed along the coast out at sea. A voyage from Philadelphia to the state of Delaware, is certainly not a foreign voyage; it is not so as to matters of commerce and its regulations; nor is it so as to the contracts necessarily made for its prosecution. Serg. Const. Law, 199; Abb. Shipp. 476, 542; 1 Holt, Shipp. 438; Parry v. The Peggy, 2 Brown, Civ. & Adm. Law, 533; De Lovio v. Boit [supra]; Plummer v. Webb [Case No. 11,233].

I. Norris, for libellant, in reply. A service performed in a bay or navigable tide river is a maritime service, and certainly in England it has been decided that seamen may sue for wages for such service, in the admiralty courts, especially when the voyage is a coasting voyage. The act of congress of 20th July, 1790 [1 Stat. 131], is not applicable to coasters; it alludes only to foreign voyages, or those from one state to another, other than adjoining states. The district courts of the United States possess the jurisdiction of admiralty courts to the fullest extent; and if this case would fall within it as exercised by them abroad, it is within it as authorised here. The reference to ferry boats does not apply, because they are not engaged in a maritime service; theirs is not a maritime contract. Coasting vessels pay hospital money by the act of 16th July, 1798 [1 Stat. 605];

and seamen on such voyages are in all respects on a footing with those engaged in foreign voyages; they should, therefore, enjoy all the same privileges. 1 Story's Laws, 554 [1 Stat. 605]; Jennings v. Carson [Case No. 7,281]; Gardner v. The New Jersey [Id. 5,233].

HOPKINSON, District Judge, overruled the plea to the jurisdiction.